Ge.een, J.
delivered the opinion of the court.
, This is an action of covenant, by Atkins, against the administrator of T. S. Scarborough, deceased, upon a bond executed by Scarborough as deputy sheriff of Stewart county to the plaintiff as sheriff of said county. The bond is conditioned to be void, if the said Scarborough should execute all legal process, and pay over all monies collected by him, and “hold the said Henry L. Atkins, sheriff as aforesaid, harmless, and free from any responsibility whatever, that may be cast upon him, by appointing the said T. S. Scarborough his deputy as aforesaid.”
The breach assigned in the declaration is, that Scarborough had one Henry G. Wells, in execution, by virtue of a ca. sa., at the suit of one William Ricks, and that he permitted said Wells to escape; for which Ricks instituted *518 bis suit against said Atkins, and recovered, at the December term, 1842, of the Supreme Court at Nashville, five hundred and eighty-three dollars and twenty-eight cents, which sum the said Atkins has paid; wherefore, the said Scarborough did not hold him harmless, and free from any responsibility as he was bound to do.
The defendant pleaded “ covenants performed,” and the statute of limitations of two years.
It appeared on the trial that the defendant qualified as administrator on Scarborough’s estate, the 7th of September, 1840.
The writ issued, in this case, the 8th of February, 1846.
The money recovered by Ricks, was paid by Atkins, within less than two years before this suit was brought.
The court charged the jury that the recovery of judgment against Atkins, constituted him a creditor of Scarborough’s estate, within the meaning of the act of 1789, and that if the plaintiff' failed to bring suit within two years after the rendition of said judgment, he was barred by that act.
The jury found for the defendant, and the plaintiff appealed to this court. The only question now is, whether his Honor erred in this instruction to the jury. And we think he did not.
Scarborough was bound to save the plaintiff harmless from any responsibility. But the rendition of the judgment created a responsibility for that amount; — Scarborough’s covenant was then broken, and he became instantly debtor to Atkins for the amount so recovered.
The cases of Marshall vs. Hudson, 9 Yer. Rep., 62, and Maxey vs. Carter, 10 Yer. Rep., 521, are relied on to establish, that the relation of creditor did not exist, until the payment of the money, and that the act of limitations of *519 1789, did not ran in favor of the defendant, until Atkins paid off the judgment recovered against him by Ricks.
Those cases were decided upon a construction of the act of 1809, which authorizes sureties, to obtain judgment against the principal and co-sureties. We do not think the principle of the cases applicable to the one before us.
We think there is no error in the judgment and order that it be affirmed.